UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY AND APPRENTICESHIP, SKILL IMPROVEMENT AND SAFETY FUNDS and THE HIGHWAY, ROAD AND STREET CONSTRUCTION LABORERS LOCAL UNION 1010,<br><br>            Plaintiffs,<br><br>  -against-<br><br>GENRUS CORP.,<br><br>            Defendant. | 18 CV _____<br><br><br><br>**COMPLAINT** |

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP, allege as follows:

## NATURE OF THE ACTION

1. This is a civil action under sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, and section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to collect delinquent employer contributions to a group of employee benefit plans.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185(a) and 1132(e)(2).

## THE PARTIES

4. Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds (the "Funds") are

employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with section 302(c) of the LMRA, 29 U.S.C. § 186(c). The Funds are employee benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3), and are administered at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

5. Plaintiff the Highway, Road and Street Construction Laborers Local Union 1010 (the "Union") is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 502 of the LMRA, 29 U.S.C. § 142, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4). The Union maintains its principal place of business at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

6. Upon information and belief, defendant Genrus Corp. ("Genrus") is a domestic business corporation incorporated under the laws of the State of New York, with its principal place of business at 200-31 Linden Blvd. St. Albans, New York 11412, engaged in the construction business.

## FACTS

**The Collective Bargaining Agreement**

7. At relevant times herein, Genrus was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "CBA") with the Union.

8. The CBA requires Genrus to pay specified contributions to the Funds and related entities on behalf of which the Funds act as collection agents in connection with all work performed within the trade and geographical jurisdiction of the Union ("Covered Work").

9. The CBA further requires that Genrus make specified dues check-offs and other contributions to the Union for each hour of Covered Work performed by Genrus' employees.

10. Pursuant to the CBA, if an employer fails to pay contributions when due, the employer is liable to the Funds for interest on the amount of unpaid contributions at an annual rate of 10% and liquidated damages.

11. Pursuant to the CBA, in the event the Funds are required to employ an attorney to collect the contributions due and owing, Genrus is obligated to pay to the Funds its attorneys' fees.

12. In addition, the CBA requires Genrus to submit periodic reports to the Funds detailing the number of hours of Covered Work performed by each of its employees and to furnish its books and records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.

13. The CBA provides, *inter alia*, "The Employer is bound by all of the terms and conditions of the Agreements and Declarations of Trust with respect to the Welfare Fund, Pension Fund, Training Fund and Annuity Fund, which Agreements and Declaration of Trusts are hereby made part of this Agreement and are incorporated herein" ("Trust Agreements").

14. The Trust Agreements provide that in operating and administering the Funds, the Board of Trustees shall have the power to "establish the policy and rules pursuant to which this Agreement and Plan are to be operated and administered, including the rules relating to the collection of contributions and other payments."

15. Pursuant to the Trust Agreements, the Trustees of the Funds have promulgated a Policy for Collection of Delinquent Fringe Benefit Contributions ("Collection Policy"). Accordingly, Genrus is bound to the terms of the Collection Policy.

16. Article II of the Collection Policy provides that if Genrus fails to make contributions when due, Genrus is liable to the Funds for interest on the amount of unpaid

contributions at an annual rate of 10% and liquidated damages of 10% of the amount of the unpaid contributions.

17. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes this Court to enforce the CBA. In addition, section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

**Delinquent Contributions**

18. The CBA requires Genrus, *inter alia*, to report to the Funds the number of hours of Covered Work performed by each employee.

19. Genrus failed to remit contributions to the Funds and dues-check offs and other contributions to the Union for Covered Work performed in March and April 2016, June and July 2016, and October 2017 in the amount of $6,855.

20. Genrus has also failed to comply with the Funds request to perform an audit covering the period December 1, 2014 through the present.

21. Genrus also owes interest on the late payment of contributions for March and April 2016 and June and July 2016 in the amount of $278.11.

22. Pursuant to the CBA, the documents and instruments governing the Funds, and Section 502(g)(2) and 515 of ERISA, 29 U.S.C. §1132(g)(2) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185, the Funds are entitled to an order directing Genrus to submit to an audit of its books and records covering the period December 1, 2014 through the present and holding Genrus is liable to the Funds and the Union for contributions and dues check-offs owed in

connection Covered Work performed by its employees in March and April 2016, June and July 2016, and October 2017 in the amount of $6,855, plus contributions revealed as due and owing pursuant to an audit covering December 1, 2014 through the present, interest on the unpaid contributions at an annual rate of ten percent (10%), interest on the late payment of contributions of $278.11, liquidated damages of ten percent (10%) of the principal amount of the delinquency, and all reasonable attorneys' fees, expenses, and costs incurred by Plaintiffs in prosecution this suit.

## FIRST CLAIM FOR RELIEF

23. Plaintiffs repeat the allegations set forth in paragraphs 1 through 22 above and incorporate them herein by reference.

24. Genrus failed to remit contributions to the Funds and dues check-offs to the Union for work performed in March and April 2016, June and July 2016, and October 2017 in the amount of $6,855.

25. Genrus also owes interest on the late payment of contributions in the amount of $278.11.

26. Section 301 of the LMRA, 29 U.S.C. §185, authorizes this Court to enforce the CBA.

27. Pursuant to section 301 of the LMRA, 29 U.S.C. § 185, the collective bargaining agreement and the documents and instruments governing the Funds, Genrus is liable for contributions to the Funds and dues check offs to the Union in the amount of $6,855 for work performed in March and April 2016, June and July 2016, and October 2017, interest on the amount of unpaid fringe benefits at an annual rate of 10%, interest on the late payment of contributions in

the amount of $278.11, liquidated damages in the amount of 10% of the unpaid fringe benefits adjudged to be due and owing, and attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

28. Plaintiffs repeat the allegations set forth in paragraphs 1 through 27 above and incorporate them herein by reference.

29. Section 515 of ERISA requires employers to make contributions to a multiemployer plan under the terms of a collective bargaining agreement. 29 U.S.C. § 1145.

30. Each of the Funds is a "multiemployer plan" as that term is used in Section 515 of ERISA.

31. Genrus is an "employer" as that term is used in Section 515 of ERISA.

32. Upon information and belief, Genrus has failed to pay contributions to the Funds for work performed in March and April 2016, June and July 2016, and October 2017 in violation of Section 515 of ERISA.

33. Section 502(g) of ERISA provides that upon a finding of an employer violation of Section 515 of ERISA, the Court shall award to the plaintiff the unpaid benefit contributions, interest on the unpaid contributions, liquidated damages, and attorneys' fees and costs and disbursements incurred in the action.

34. Pursuant to section 502 and 515 of ERISA, 29 U.S.C. § 1132 and 1145, Genrus is liable for contributions to the Funds in the amount of $6,514.52 in connection with Covered Work performed by its employees during March and April 2016, June and July 2017 and October 2017, and for additional amounts to be determined by the Court for statutory damages, reasonable attorneys' fees, interest on the unpaid principal, and costs and disbursements incurred in this action.

## **THIRD CLAIM FOR RELIEF**

35. Plaintiffs repeat the allegations set forth in paragraphs 1 through 34 above and incorporate them herein by reference.

36. The CBA required Genrus to remit specified hourly contributions to the Funds and the Union in connection with all Covered Work.

37. The CBA requires Genrus to furnish its books and records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.

38. Despite demand, Genrus has failed to comply with a request to conduct an audit.

39. Pursuant to the CBA, section 301 of the LMRA, 29 U.S.C. § 185, sections 502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145, and the documents and instruments governing the Funds, the Funds are entitled to an Order directing Genrus to submit to an audit of its books and records covering the period December 1, 2014 through the present and ordering Genrus to pay all delinquent contributions revealed by such audit, plus interest at the rate of 10% per annum, liquidated damages in the amount of 10% of the delinquent contributions, reasonable attorneys' fees, expenses, and costs, and other costs incurred in connection with the audit and collection procedures.

**WHEREFORE**, plaintiffs respectfully request judgment:

(1) on their First Claim for Relief against Genrus for contributions to the Funds and dues check-offs and other contributions to the Union in connection with Covered Work performed during the period March and April 2016, June and July 2016, and October 2017 in the amount of $6,855, interest on the amount of unpaid fringe benefits at an annual rate of 10%, interest on the

previous late payment of contributions of $278.11, liquidated damages in the amount of 10% of the unpaid fringe benefits adjudged to be due and owing, and attorneys' fees and costs;

(2)     on their Second Claim for Relief against Genrus for contributions to the Funds and dues check offs and other contributions to the Union in connection with Covered Work performed by its employees during the period March and April 2016, June and July 2016, and October 2017 in the amount of $6,514.52 and for additional amounts to be determined by the Court for statutory damages, reasonable attorneys' fees, interest on the unpaid principal, and costs and disbursements incurred in this action pursuant to 29 U.S.C. § 1132(g);

(3)     on their Third Claim for Relief against Defendant Genrus an order directing Genrus to submit to an audit of its books and records covering the period December 1, 2014 through the present and ordering Genrus to pay all contributions revealed by such audit, plus interest, liquidated damages, attorneys' fees and costs;

(4)     granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 26, 2018

VIRGINIA & AMBINDER, LLP

By:     s/Nicole Marimon
       Charles R. Virginia, Esq.
       Nicole Marimon, Esq.
       40 Broad Street, 7th Floor
       New York, New York 10004
       (212) 943-9080
       *Attorneys for Plaintiffs*